**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, | ) Civil Action No. 2:16-cv-00541-CB |
| | ) |
| | ) Judge Cathy Bissoon |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTERN DIGITAL CORPORATION, | ) |
| WESTERN DIGITAL TECHNOLGIES, INC., | ) |
| WESTERN DIGITAL (FREMONT), LLC, | ) |
| WESTERN DIGITAL (THAILAND) | ) |
| COMPANY LIMITED, WESTERN DIGITAL | ) |
| (MALAYSIA) SDN.BHD, and HGST, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF LAMBETH MAGNETIC STRUCTURES, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND PAGE LIMIT FOR SUMMARY JUDGMENT BRIEFING

Plaintiff Lambeth Magnetic Structures, LLC ("Plaintiff or "LMS") opposes Defendants'

request for sixty percent (60%) more pages to brief their summary judgment motion than the

Court's scheduling order and rules allow. In attempting to justify the request, Defendants assert

bases that overstate LMS's allegations and the issues to be decided (even assuming Defendants

decide to raise each of their defenses in their summary judgment motion). Put simply, LMS does

not believe there is good cause to impose this additional burden and Defendants have failed to

demonstrate otherwise.

This is a single patent case, in which LMS asserts that Defendants infringe two

independent claims, that differ only in their respective preambles. Defendants' assertion that

LMS's infringement allegations amount to 90 different allegations is disingenuous. Although

LMS does assert 9 total claims (including 7 dependent claims) against 10 different types of write

heads, Defendants' defenses are nearly identical across all asserted claims and all accused products. Further, Defendants' own expert often does not meaningfully (if at all) distinguish Defendants' defenses depending on the asserted claim.

With respect to Defendants' invalidity positions, Defendants' expert provides no additional opinions for the claims beyond Claim 1 for his enablement and written description analysis. For enablement, he relies solely on his Claim 1 analysis for each of the other asserted claims. For written description, he does not even do a separate analysis for the individual asserted claims. And in his Section 101 analysis, he states that the additional limitations of the dependent claims allegedly routine and conventional. Although Defendants' expert does address each asserted claim in his Section 102 and 103 analyses, Defendants do not rely on these defenses specifically as justification for a 60 percent increase in pages.

Defendants' non-infringement positions are also nearly identical regardless of the asserted claim or accused product. Defendants' expert addresses only two of the dependent claims separately – and does so in a single paragraph for each. Thus, there is no reason that Defendants cannot brief non-infringement and invalidity for a single patent within the prescribed limits, even if Defendants raises each of its invalidity and non-infringement defenses in its summary judgment motion.

The pre-suit damages issue does not change this calculus. LMS understands Defendants' position to be that LMS is not entitled to pre-filing damages because alleged licensees failed to mark. Defendants' briefing regarding this issue should not require diagrams or figures and should be relatively straightforward to present, particularly by utilizing the separate statement of undisputed facts which does not count toward the page limit. Briefing this issue does not warrant expanding the page limits by 60 percent.

In an effort to work cooperatively and avoid burdening the Court, LMS met and conferred with Defendants and indicated that it would not oppose a five-page increase (twenty percent (20%)) to the page limit to accommodate figures or explanation (which has already been included in Defendants' expert reports and can be referenced in briefing in any event).

Accordingly, LMS requests that Defendants' motion be denied, or in the alternative, that Defendants be granted only an additional five pages of briefing.

Dated:  September 25, 2018

Respectfully Submitted,

*/s/ Denise De Mory*
John W. McIlvaine, III
Christian D. Ehret
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
T: (412) 471-8815
F: (412) 471-4094
jmcilvaine@webblaw.com
cehret@webblaw.com

Henry C. Bunsow
Denise De Mory
Christina M. Finn
Craig Allison
Dino Hadzibegovic
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
cfinn@bdiplaw.com
callison@bdiplaw.com
dhadzibegovic@bdiplaw.com

*Counsel for Plaintiff*
*Lambeth Magnetic Structures, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2018, I electronically filed the foregoing PLAINTIFF LAMBETH MAGNETIC STRUCTURES, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND PAGE LIMIT FOR SUMMARY JUDGMENT BRIEFING with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**BUNSOW DE MORY LLP**

*/s/ Denise De Mory*
Denise De Mory